# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACOB ECKER,<br><br>Plaintiff,<br><br>v.<br><br>MIKE HADDON et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:20-CV-35-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This case is a *pro se* prisoner civil-rights action brought under 42 U.S.C. § 1983. The Plaintiff is proceeding *in forma pauperis*. Having screened the Second Amended Complaint as required by 28 U.S.C. § 1915A, the court orders Plaintiff to file a third amended complaint to cure deficiencies before further pursuing his claims.

## SECOND AMENDED COMPLAINT'S DEFICIENCIES

The court has identified the following deficiencies in Plaintiff's Second Amended Complaint, which will be explained in greater detail below. The Second Amended Complaint: Second Amended Complaint:

    (a)    does not list each defendant in the caption of the complaint;

    (b)    appears to need clarification regarding the First Amendment cause of action;

    (c)    appears to need clarification regarding the cause of action under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C.S. §§ 2000cc-2000cc-5;

    (d)    does not appear to affirmatively link the named defendants to civil-rights violations;

  (e)  asserts claims that appear to challenge the conditions of his confinement but appear to be drafted without the assistance of the prison's contract attorney.

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

1. The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without first moving for amendment pursuant to Federal Rule of Civil Procedure 15.

2. The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating that the personal participation of each named defendant is an essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged violations occurred.

3. Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565 n.10 (2007)]. Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.'").

4. Plaintiff may not name individuals as defendants based solely on their holding a supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

5. The denial of a grievance, alone, with no connection to the "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

6. "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, Plaintiff need not include grievance details in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **First Amendment Cause of Action**

It is well-settled that "[i]nmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). Yet such protections are not without reasonable limitations. The Supreme Court has cautioned that prison inmates are also subject to the "necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id*. Accordingly, the Court has held that "a prison regulation imping[ing] on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Id*. at 349.

Thus, in order to allege a constitutional violation based on a free exercise claim, a prisoner-plaintiff must survive a two-step inquiry. First, the prisoner-plaintiff must . . . show that a prison regulation "substantially burdened . . . sincerely-held religious beliefs." *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007). Consequently, "[t]he first questions in any free exercise claim are whether the plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held." *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997). Second, prison officials-defendants may "identif[y] the legitimate penological interests that justif[ied] the impinging conduct." *Boles*, 486 F.3d at 1182. At that point, courts balance the factors set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), to determine the reasonableness of the regulation:

> (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy

4

> > or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.
> 
> *Boles*, 486 F.3d at 1181.

*Kay v. Bemis*, 500 F.3d 1214, 1218-19 (10th Cir. 2007).

- **RLUIPA**

> To proceed with a RLUIPA claim, a plaintiff must demonstrate that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010). Once the plaintiff shows a substantial burden, the government must demonstrate that the burden "results from a compelling governmental interest and that the government has employed the least restrictive means of accomplishing its interest." *Id*. at 1318 (internal quotation marks omitted); *see also* 42 U.S.C. § 2000cc-1(a).
> . . . .
> At a minimum, a government substantially burdens a religious exercise when it (1) "requires participation in an activity prohibited by a sincerely held religious belief," (2) "prevents participation in conduct motivated by a sincerely held religious belief," or (3) "places substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief." *Abdulhaseeb*, 600 F.3d at 1315.

*Tenison v. Byrd*, 826 F. App'x 682, 689-90 (10th Cir. 2020) (unpublished).

- **Affirmative Link**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal

> liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—"wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

## ORDER

**IT IS HEREBY ORDERED** that:

1. If Plaintiff wishes to further pursue his claims, he must cure the deficiencies identified above within thirty days by filing a document entitled "Third Amended Complaint" that does not refer to or include any other document.

2. The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint that Plaintiff must use if he chooses to file an amended complaint.

3. If Plaintiff fails to timely cure the deficiencies identified above as instructed in this order, this action will be dismissed without further notice.

4.   Plaintiff shall not try to serve the Third Amended Complaint on any of the Defendants; instead, the court will perform its statutory screening function and determine first whether the amended complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."). All defendants and claims should be included in a Third Amended Complaint, if filed, and will not be considered further by the court unless properly included. This is the second and **FINAL** order allowing Plaintiff to cure deficiencies. If a Third Amended Complaint is filed, the Court will screen it for dismissal or service of process.

5.   Plaintiff must notify the Court of any address change and must timely comply with Court orders. *See* DUCivR 83-1.3(e). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

6.   Requests to extend deadlines are disfavored, though reasonable extensions may be granted. Any motion for an extension of time must be filed no later than **fourteen days** before the deadline to be extended.

7.   No direct communication shall take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, shall be directed to the Clerk of Court.

DATED this 1st day of February, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

8