THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JACOB ECKER,<br><br>Plaintiff,<br><br>v.<br><br>MIKE HADDEN, FNU POWELL, and FNU BUSSIO,<br>Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 2:20-CV-35-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On January 16, 2020, Plaintiff submitted a federal civil-rights complaint under 42 U.S.C. § 1983 (2022), proceeding in forma pauperis. *See* Dkt. Nos. 1–2, 4–9. For the next sixteen months, Plaintiff filed documents seeking to advance this litigation. *See* Dkt. Nos. 10, 12–15, 17. On February 1, 2022, the court ordered Plaintiff to cure deficiencies in the second amended complaint within thirty days and warned that if Plaintiff failed to timely cure the identified deficiencies, the action would "be dismissed without further notice." Dkt. No. 18 at 6. Plaintiff did not respond, and on July 29, 2022, the court ordered Plaintiff to "file a brief showing cause why this case should not be dismissed for failure to prosecute or to comply with court orders no later than August 29, 2022." Dkt. No. 19 at 1. The court again warned that failure to "cure the deficiencies" would result in dismissal of the action "without further notice." *Id.* at 2. Plaintiff has not attempted to cure the deficiencies in the amended complaint or filed a brief showing cause. Indeed, Plaintiff has not communicated with the court since May 19, 2021, when he filed the second amended complaint.

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from a plaintiff's "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court is dismissing the action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given that Plaintiff has failed to cure the deficiencies in the second amended complaint, that Plaintiff failed to respond to the court's order to show cause, and that the court warned that it would dismiss the action if Plaintiff did not respond.

Plaintiff has failed to respond to the court's order to cure the deficiencies in the second amended complaint or the court's order to show cause why this action should not be dismissed for his failure to prosecute his case and for failure to comply with court orders. And he has failed to do so despite explicit warnings that failure to comply with the court's order would result in the dismissal of this action.

The court thus finds that Plaintiff has failed to (1) prosecute this action; (2) comply with this court's orders; or (3) show good cause why this action should not be dismissed. The court accordingly dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 2nd day of December, 2022.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge